# Wytheville

### GARLAND C. PRETLOW V. BURCHNELL L. HOPKINS.

June 22, 1944.

Record No. 2790.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

The opinion states the case.

*Herman A. Sacks*, for the appellant.

*Bernard Glasser*, for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

This appeal involves a controversy between appellant and appellee in regard to the construction of a deed executed by Southern Residence Corporation to the appellee.

Appellant, on the 5th day of May, 1928, was the owner of three lots or parcels of land situated in Norfolk county, Virginia. In order to secure the holder of a note for the sum of $400, he executed a deed of trust on the said lots

to H. O. Nichols, Trustee. When the note became due, appellant defaulted in the payment thereof, and upon the request of the creditor who was secured by the deed of trust, the property was, after due advertisement, offered for sale and was purchased at the price of $200 by 'the Southern Residence Corporation. After the corporation bid in the property, and before it took a deed thereto, appellant entered into an arrangement with the corporation to re-purchase the property at the price of $200.

Pursuant to his agreement, appellant made payments to the corporation until the debt was reduced to $80. Failing to meet his last payment, appellant was notified by the corporation that it would not re-convey the property unless the balance due was paid within thirty days. In order to meet this demand for payment, appellant contacted Dr. A. B. Green from whom he borrowed the sum of $80 to pay the indebtedness.

It is alleged in the bill of complaint that the property was to be conveyed to Green as security for the sum advanced. However, before the execution of the deed, Green decided he did not wish to consummate the transaction and requested that he be repaid the sum advanced. Thereupon, appellant contacted appellee, to whom he was already indebted, and secured from him the amount due Green. The amount due to the Southern Residence Corporation was paid in full, and at the instance of appellant, the corporation conveyed the property to appellee.

It is the contention of appellant that the conveyance to appellee was for the sole purpose of merely securing the sum of $80 advanced, the property to be subsequently conveyed to appellant upon the repayment by appellant of the money advanced by the appellee.

The contention of appellee is that appellant was indebted to him in the sum of $191.50, and that the conveyance was in satisfaction of the debt due.

The evidence, which is conflicting upon every material point, was heard in open court by the learned chancellor and his construction of the deed was that it shows upon its face

that it was a conveyance in fee simple, absolute, and that appellant has failed to show by credible and convincing proof that the conveyance was intended as a mortgage to secure a debt.

"The doctrine that a conveyance of land, absolute on its face, may in equity be shown by extrinsic parol evidence to be a mortgage is, of course, too well settled to require either discussion or the citation of authority to sustain it. But it is equally well settled that the presumption in such cases always is that the deed is what on its face it purports to be; and, in order to repel that presumption, the evidence must be clear, unequivocal and convincing. 3 Pom. Eq., sec. 1196; *Phelps* v. *Seely,* 22 Gratt. 573; *Snavely* v. *Pickle,* 29 Gratt. 27; *Edwards* v. *Wall,* 79 Va. 321." *Holladay* v. *Willis,* 101 Va. 274, 278, 43 S. E. 616.

It is a cardinal rule in this jurisdiction that when the chancellor hears a chancery case upon evidence *ore tenus* instead of upon depositions of witnesses, his conclusion on conflicting evidence stands upon the same footing as the verdict of a jury and is entitled to great weight.

In the case at bar, the credibility of the witnesses was a question to be determined by the chancellor. It was his province to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness, their apparent intelligence, and from the circumstances surrounding the transaction, which witnesses are more worthy of credit.

In *Waverly Feed Co.* v. *Harrell,* 180 Va. 385, 23 S. E. (2d) 155, Mr. Justice Gregory stated:

"All of the testimony and other evidence was introduced in open court before the Chancellor. He heard the witnesses testify, observed their demeanor and weighed their conflicting statements. The conflicts in the testimony have been settled by him. The case is one of fact, and unless the decree is plainly wrong, it must stand."

Applying these principles to the facts of the case and accepting the conclusion of the chancellor on the conflict of evidence, the only conclusion which can be logically drawn

is that the deed in question was simply a deed of bargain and sale and not a conveyance affected with a trust.

It follows from these views that the decree complained of is without error and must be affirmed.

*Affirmed.*